UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**FILED**
JAMES J. VILT, JR. - CLERK
OCT - 4 2022
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES OF AMERICA

v.

**JUAN CARLOS ARCENA CABRERA**

INDICTMENT

NO. 3:22CR-126-CHB

18 U.S.C. § 981(a)(1)(C)
18 U.S.C. § 982(a)(1)&(b)(1)
18 U.S.C. § 1341
18 U.S.C. § 1349
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

The Grand Jury charges:

## COUNT 1
*(Conspiracy to Commit Mail Fraud)*

1. Beginning on a date unknown to the grand jury, but from at least in or about March 2018, and continuing through at least in or about June 2021, in the Western District of Kentucky, Meade County, Kentucky, and elsewhere, the defendant, **JUAN CARLOS ARCENA CABRERA**, and others known and unknown to the Grand Jury ("unindicted co-conspirators"), did unlawfully and willfully combine, conspire, confederate, and agree together and with each other, to commit mail fraud, in violation of Title 18, United States Code, Section 1341.

**OBJECT OF THE CONSPIRACY**

2. It was the object of the conspiracy that the defendants, **JUAN CARLOS ARCENA CABRERA**, together with his unindicted co-conspirators, would fraudulently obtain funds from senior victims by convincing them a grandchild or other family member had an emergency, in the form of a car accident and/or related legal trouble, and urgently needed money from the victim, causing victims to make payments by various means, including by wire, by mailing through the

United States Postal Service, or by shipping through private or commercial interstate carrier (including Federal Express). The conspirators would sometimes extract or attempt to extract multiple payments from the same victim through this ruse, falsely claiming the victim's grandchild or family member had additional urgent expenses that arose within the supposed unfolding emergency. The defendant and others worked in concert to organize and carry out this "grandparent scam," on victims across the United States, including victim R.B. in the Western District of Kentucky who sent approximately $59,000.00 in multiple packages via United Stated Postal Service and Federal Express at the direction of conspirators in the grandparent scam.

## MANNER AND MEANS

3. The manner and means used to accomplish the objectives of the conspiracy included, among other things, the following:

4. As part of the conspiracy that co-conspirators contacted senior victims by phone, pretending to be a family member, typically the grandchild of the victim, and claiming to be in distress. The ruse typically involved a fabricated automobile accident or other legal trouble, supposedly triggering the need for bond money or other emergency funds. Once ensnared into believing their loved one was in trouble, scam callers would target the same victims again, posing as attorneys or other professionals and direct urgent payments to help the victims' loved ones.

5. The type of "grandparent scam" carried out here is a common type of phone-based scam and perpetrators typically direct their victims to ship cash or other easily liquidated means to a provided address. In this case, it was part of the conspiracy that victims were directed to make payments by various means, including by wire, by mailing through the United States Postal Service, or by shipping through private or commercial interstate carrier (including Federal Express).

6. It was part of the conspiracy that **JUAN CARLOS ARCENA CABRERA** received payments from victims in various forms, including by wire and through private or commercial interstate carrier.

7. It was part of the conspiracy that, on or about November 10, 2018, **JUAN CARLOS ARCENA CABRERA** entered a Federal Express facility in New York, New York, posing as N.M., the grandson of victim R.B., and attempted to collect a package containing $10,000.00, which was shipped from R.B. in Brandenburg, Kentucky, to N.M. in New York, New York, at the direction of conspirators in the grandparent scam.

In violation of Title 18, United States Code, Section 1349.

## NOTICE OF FORFEITURE

As a result of violating Title 18, United States Code, Sections 1341 and 1349, as alleged in this Indictment, the defendant, **JUAN CARLOS ARCENA CABRERA**, if convicted, shall forfeit to the United States any property, real or personal, which constitutes or is derived, directly and indirectly, from proceeds traceable to such violation, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

If any of the property described above, as a result of any act or omission of the defendants:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to

Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

A TRUE BILL.



_____
MICHAEL A. BENNETT
UNITED STATES ATTORNEY

MAB:CEK

UNITED STATES OF AMERICA v. **JUAN CARLOS ARCENA CABRERA**

## PENALTIES

Count 1: NM 20 yrs./$250,000/both/NM 3 yrs. Supervised Release
Forfeiture

## NOTICE

**ANY PERSON CONVICTED OF AN OFFENSE AGAINST THE UNITED STATES SHALL BE SUBJECT TO SPECIAL ASSESSMENTS, FINES, RESTITUTION & COSTS.**

SPECIAL ASSESSMENTS

18 U.S.C. § 3013 requires that a special assessment shall be imposed for each count of a conviction of offenses committed after November 11, 1984, as follows:

|  | Misdemeanor: | | Felony: | |
|---|---|---|---|---|
|  |  | $ 25 per count/individual |  | $100 per count/individual |
|  |  | $125 per count/other |  | $400 per count/other |

FINES

In addition to any of the above assessments, you may also be sentenced to pay a fine. Such fine is due _immediately_ unless the court issues an order requiring payment by a date certain or sets out an installment schedule. You shall provide the United States Attorney's Office with a current mailing address for the entire period that any part of the fine remains unpaid, or you may be held in contempt of court. 18 U.S.C. § 3571, 3572, 3611, 3612

**Failure to pay fine as ordered may subject you to the following**:

1. **INTEREST** and **PENALTIES** as applicable by law according to last date of offense.

    For offenses occurring after December 12, 1987:

    No **INTEREST** will accrue on fines under $2,500.00.

    **INTEREST** will accrue according to the Federal Civil Post-Judgment Interest Rate in effect at the time of sentencing. This rate changes monthly. Interest accrues from the first business day following the two week period after the date a fine is imposed.

    **PENALTIES** of:

    10% of fine balance if payment more than 30 days late.

    15% of fine balance if payment more than 90 days late.

2. Recordation of a **LIEN** shall have the same force and effect as a tax lien.

3. Continuous **GARNISHMENT** may apply until your fine is paid.

18 U.S.C. §§ 3612, 3613

   If you **WILLFULLY** refuse to pay your fine, you shall be subject to an **ADDITIONAL FINE** of not more than the greater of $10,000 or twice the unpaid balance of the fine; or **IMPRISONMENT** for not more than 1 year or both. 18 U.S.C. § 3615

RESTITUTION

If you are convicted of an offense under Title 18, U.S.C., or under certain air piracy offenses, you may also be ordered to make restitution to any victim of the offense, in addition to, or in lieu of any other penalty authorized by law. 18 U.S.C. § 3663

APPEAL

If you appeal your conviction and the sentence to pay your fine is stayed pending appeal, the court shall require:

1. That you deposit the entire fine amount (or the amount due under an installment schedule during the time of your appeal) in an escrow account with the U.S. District Court Clerk, or

2. Give bond for payment thereof.

18 U.S.C. § 3572(g)

PAYMENTS

If you are ordered to make payments to the U.S. District Court Clerk's Office, certified checks or money orders should be made payable to the Clerk, U.S. District Court and delivered to the appropriate division office listed below:

| | |
|---|---|
| LOUISVILLE: | Clerk, U.S. District Court<br>106 Gene Snyder U.S. Courthouse<br>601 West Broadway<br>Louisville, KY 40202<br>502/625-3500 |
| BOWLING GREEN: | Clerk, U.S. District Court<br>120 Federal Building<br>241 East Main Street<br>Bowling Green, KY 42101<br>270/393-2500 |
| OWENSBORO: | Clerk, U.S. District Court<br>126 Federal Building<br>423 Frederica<br>Owensboro, KY 42301<br>270/689-4400 |
| PADUCAH: | Clerk, U.S. District Court<br>127 Federal Building<br>501 Broadway<br>Paducah, KY 42001<br>270/415-6400 |

If the court finds that you have the present ability to pay, an order may direct imprisonment until payment is made.