UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                              PLAINTIFF

v.                                                      CRIMINAL NO. 3:22-CR-126-CHB

JUAN CARLOS ARCENA CABRERA                                          DEFENDANT

## SENTENCING MEMORANDUM

The United States, by counsel, Assistant United States Attorney, Corinne E. Keel, files its sentencing memorandum for the sentencing of Juan Carlos Arcena Cabrera, currently scheduled for July 18, 2024 at 11:00 a.m. in Louisville, Kentucky.

### A. STATEMENT OF FACTS

The United States agrees with the facts as presented in the presentence investigative report for the defendant. [Final Presentence Investigation Report, DN 60 at ¶¶ 10-29.]

### B. GUIDELINES

The United States agrees with the presentence report that the defendant's total offense level should be 16, as adjusted for his acceptance of responsibility. [*Id.* at ¶ 45.]

### C. CRIMINAL HISTORY

The United States agrees with the presentence report that the defendant falls into criminal history category I [*id.* at ¶ 54].

### D. SENTENCING FACTORS AND RECOMMENDATION

The plea agreement, in this case, provides for the United States to recommend a sentence at the low end of the sentencing guidelines, a fine at the lowest end of the guideline range, and a

reduction in offense level for the defendant's acceptance of responsibility. The agreement leaves an opening for the defendant to argue for a sentence below the guidelines range.

This Court must ultimately affix a sentence that is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a). Title 18, United States Code, Section 3553(a) guides the Court regarding factors to consider when imposing a sentence. That section directs courts to consider the following:

>    (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>    (2) the need for the sentence imposed:
>       (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>       (B) to afford adequate deterrence to criminal conduct;
>       (C) to protect the public from further crimes of the defendant; and
>       (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>    (3) the kinds of sentences available;
>    (4) the kinds of sentence and the sentencing range established for--
>       (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--
>    (5) any pertinent policy statement--
>    (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>    (7) the need to provide restitution to any victims of the offense.

The United States proposes that a low-end guidelines sentence is appropriate and adequately serves the interest of justice in this case. In making this recommendation, the United States has considered the defendant's acceptance of responsibility in the present case, along with other factors.

**I. The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant**

The nature and circumstances of this offense are particularly serious for several reasons. The charged mail fraud conspiracy took the form of a "grandparent scam." This type of fraud is unfortunately very common and is responsible for millions of dollars in fraud loss from vulnerable

older Americans, year over year. As with other similar schemes, the defendants was engaged in a broad and sophisticated scam, involving dozens of participants and coordination by criminals across international borders. Grandparent scams target particularly vulnerable senior victims and utilize particularly manipulative social engineering, causing victims to believe their loved ones are in peril. Grandparent scams like this one create a sense of fear and urgency, effectively preying on victim panic to convince them to hand over thousands of dollars before they realize they're being scammed.

Arcena Cabrera's role in this mail fraud conspiracy consisted primarily of receiving victim funds to be passed on to co-conspirators—both by conducting "pick-ups" of money shipped by victims and by receiving bank wires from victims. Arcena Cabrera apparently recruited at least one co-conspirator into the scheme. In the case of R.B., a Kentucky victim and the victim with the largest loss alleged in this case, Arcena Cabrera posed as the victim's son when attempting to pick up the last of her shipped payments from a FedEx store location.

The charged conspiracy is clearly quite serious. Arcena Cabrera played a lower-level—but essential—role by retrieving victim funds and passing them on to co-conspirators. The Court must balance these factors. Organized international schemes like this one rely on groups of criminals working together in an almost corporate-like structure, such that even "low-level" offenders are needed to carry out these schemes. This category of crime is rampant and worthy of imposing a sentence that will provide general deterrence to others who may be tempted to take the kind of easy money these scams offer.

## II. The Purposes and Impact of the Sentence Imposed

A low end guideline sentence in this case would serve to "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense" and "afford adequate deterrence to criminal conduct[,]" as contemplated in 18 U.S.C. § 3553(a)(2)(A)&(B).

## CONCLUSION

For all of the foregoing reasons, a low-end guideline sentence adequately reflects the seriousness of the charged offenses, while taking into account the total circumstances of the present case. It is sufficient, but not greater than necessary, to comply with the statutory purposes of sentencing, in accordance with 18 U.S.C. § 3553(a). The United States respectfully requests the Court sentence the defendant in accordance with the recommendation in his plea agreement.

Respectfully submitted,

MICHAEL A. BENNETT
United States Attorney


*/s/ Corinne E. Keel*
Corinne E. Keel
Assistant U.S. Attorney
717 West Broadway
Louisville, Kentucky 40202
Phone: (502) 625-7041

## CERTIFICATE OF SERVICE

I hereby certify that on July 17, 2024, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to counsel.

*/s/ Corinne E. Keel*
Corinne E. Keel
Assistant U.S. Attorney